

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| HAROLD SMITH, § | |
|     Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION NO. 6:06-0130-HFF-WMC |
| § | |
| ALBERTO GONZALES, Attorney General § | |
| for the United States, et al., § | |
|     Respondents. § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### OF THE MAGISTRATE JUDGE

This case was filed as a 28 U.S.C. § 2241 action. Petitioner is proceeding pro se. The matter is presently before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondents' Motion for Summary Judgment be granted. The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 24, 2006, and the Deputy Clerk of Court entered Petitioner's objection memorandum on August 10, 2006. The Court has reviewed Petitioner's objections, but finds them to be without merit.[*]

Simply stated, and as observed by the Magistrate Judge, regarding the Motion to Amend, Petitioner failed to reveal why he wants to add additional respondents to his Petition, "and he has not included the proposed amended petition, so the court can not assess whether new causes of action are being raised." (Report 2-3). Moreover, concerning Respondents' Motion for Summary Judgment,

> [T]he petitioner's complaint boils down to alleged constitutional violations stemming from his placement in administrative detention and a request to be released from administrative detention or transferred to another facility. . . . In other words, the petitioner's challenge in this case is not to the fact or duration of his confinement, but to a condition incident to serving a sentence in a federal prison. As such, this case should not be brought under the habeas corpus statute.

(Report 7-8.)

Accordingly, after a thorough review of the Report, the objections, and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Respondents' Motion for Summary Judgment be **GRANTED**. All remaining motions are, thus, rendered **MOOT**.

---

[*] In light of *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release"), the Court has determined that it has jurisdiction to adjudicate this action.

**IT IS SO ORDERED.**

Signed this 14th day of March, 2007, in Spartanburg, South Carolina.

        s/ Henry F. Floyd
        HENRY F. FLOYD
        UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified of the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.